IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40604
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER GUMERSINDO VALADEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-01-CR-68-1
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:*

Javier Gumersindo Valadez appeals his conviction and
sentence following his guilty plea to possession with the intent
to distribute marijuana.  He argues that the district court
clearly erred in refusing to adjust his sentence pursuant to
U.S.S.G. § 3B1.2 for his self-described mitigating role in the
offense and that 21 U.S.C. § 841(a)&(b) is facially

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

unconstitutional in light of <u>Apprendi v. New Jersey</u>, 520 U.S. 466 (2000).

We hold that the district court was not under the false impression that the other offense participant had to be "before the court" in a literal sense for the adjustment to apply; instead, its decision was based on the lack of facts to corroborate Valadez's assertion that he played a minor or minimal role in the offense and a refusal to accept his bare assertion at face value. <u>See</u> U.S.S.G. § 3B1.2 comment. (backg'd.) (2000) (determination whether to apply adjustment involves a determination that is "heavily dependent" on the facts of the case).

Valadez concedes that his argument that 21 U.S.C. § 841(a)&(b) is facially unconstitutional is foreclosed by <u>United States v. Slaughter</u>, 238 F.3d 580, 582 (5th Cir. 2000), <u>cert. denied</u>, 532 U.S. 1045 (2001), and he raises it solely to preserve the issue for further review. This court is bound by its precedent absent an intervening Supreme Court decision or a subsequent en banc decision; therefore, the issue regarding 21 U.S.C. § 841 is indeed foreclosed. <u>See United States v. Short</u>, 181 F.3d 620, 624 (5th Cir. 1999).

AFFIRMED.